UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIANCA BUCANO and MELISSA BUCANO, | : CIVIL ACTION NO. 3:12-CV-1816 |
| Plaintiffs, | : (JUDGE RICHARD P. CONABOY) : (Magistrate Judge Blewitt) |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : |
| Defendants. | : |

FILED
SCRANTON

JAN 2 2 2013

PER _____
DEPUTY CLERK

## **MEMORANDUM**

Here we consider the Report and Recommendation (Doc. 15) filed by Magistrate Judge Thomas M. Blewitt concerning the 42 U.S.C. § 1983 Complaint (Doc. 1) filed by Plaintiffs on September 11, 2012. Pursuant to the initial screening required by 28 U.S.C. § 1915, Magistrate Judge Blewitt recommends the following: 1) granting Plaintiffs' motions to proceed in forma pauperis (Docs. 2, 8, and 11) solely for the purpose of filing the action; and 2) dismissing the Complaint with prejudice in its entirety. (Doc. 15 at 21.) Plaintiff Bianca Bucano filed a document we will construe as objections on January 14, 2013. (Doc. 16.) In correspondence dated January 8, 2012, directed to Magistrate Judge Blewitt, Plaintiff Melissa Bucano informed the Court that she would pursue her claims "with the lower courts." (Doc. 17 at 1.) For the reasons discussed below, we adopt the Report and Recommendation (Doc. 15) and dismiss Plaintiffs' Complaint.

## I. Background

By way of general background, both Plaintiffs were confined at the Monroe County Correctional Facility when they filed this action pro se on September 11, 2012. (Doc. 1.) It appears that the Pennsylvania Attorney General's Office prosecuted Bianca Bucano and her daughter Melissa Bucano for several counts of insurance fraud and related offenses.[1] Defendant Harrison investigated the case and is listed on the Pennsylvania docket as the arresting officer. Deputy Attorney General Mark Bellavia was the prosecuting attorney. In April 2012, a trial took place in the Monroe County Court of Common Pleas before Judge Jennifer Sibum. Judge Sibum also handled most of the pretrial matters. It further appears from the Pennsylvania docket that both Plaintiffs were found guilty of several counts on April 25, 2012. Since this action was filed, Plaintiff Bianca Bucano was moved to SCI-Muncy and Plaintiff Melissa Bucano was moved to SCI-Cambridge Springs. They remain incarcerated at these facilities serving their state court sentences.

In addition to Bellavia and Harrison, Plaintiffs name the Commonwealth of Pennsylvania and the Office of the Attorney General

---

[1] The Court has obtained the Dockets and Court Summaries for both Plaintiffs through http://ujsportal.pacourts.us. Plaintiff Bianca Bucano's Criminal Docket number is CP-45-CR-778-2010. Plaintiff Melissa Bucano's Criminal Docket number is CP-45-CR-781-2010.

of Pennsylvania, Insurance Division ("OAGID") as Defendants. They first assert that Defendant Bellavia conspired to blackmail Plaintiffs Bianca and Melissa Bucano "by allowing to put Melissa in Maximum Security to take a harsh plea and release Melissa, when Judge Sibum planned this action against us." (Doc. 1 at 2.) They next assert that Attorney Bellavia "committed a fraud on the court at trial when his closing argument led the jury to believe [Plaintiff Bianca Bucano] did not suffer from fibromyalgia and [] was a racketeer and that charge was dropped over a year prior when we waived the preliminary." (*Id.*) Plaintiffs' third claim is that Defendant Harrison "gave false testimony and as an investigator for the A.G. was aware it was false but mislead the jury to convict us." (*Id.*)

Plaintiffs have filed several other actions in this Court relating to their Monroe County criminal case and their incarceration in the Monroe County Correctional Facility. (*See* 3:12-CV-403, 3:12-CV-606, and 3:12-CV-1450.)

## II. Discussion

### A. *Standard of Review*

When a plaintiff files objections to a magistrate judge's report, the reviewing court conducts a *de novo* review of those portions of the report to which objection is made. 28 U.S.C. § 636(b)(1). To warrant *de novo* review, the objections must be both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir.

1984). The court may accept, reject or modify, in whole or in part, the findings made by the magistrate judge. 28 U.S.C. § 636(b)(1). Uncontested portions of the report are reviewed for clear error. *Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## B.  *Plaintiff Bianca Bucano's Objections*

With her filing which we have liberally construed as objections to the Report and Recommendation, Plaintiff Bianca Bucano makes several general assertions. (Doc. 16 at 1-2.) She complains of a violation of her Fourth Amendment rights when Defendant Harrison confiscated evidence (pursuant to a search warrant) which she asserts would have shown her innocence. (Doc. 16 at 1.) She complains of a violation of due process rights based on alleged lack of evidence, false accusations, and false testimony. (*Id.* at 1-2.)

We conclude that the matters to which Plaintiff Bianca Bucano refers lack the specificity which would require *de novo* review.

## C.  *Clear Error Review*

We find no clear error in Magistrate Judge Blewitt's determination that the doctrine of *res judicata* applies in this case, Defendants PA and OAGID are not proper Defendants, Defendant Bellavia retains prosecutorial immunity,[2] and the requests for

---

[2] We agree that Defendant Bellavia is entitled to prosecutorial immunity regarding any allegations related to the

4

relief go beyond the scope of the Court's 42 U.S.C. § 1983 jurisdiction. We therefore find no clear error in Magistrate Judge Blewitt's conclusions that Plaintiffs have failed to state a claim on which relief may be granted, allowing Plaintiffs leave to amend would be futile, and this matter should be dismissed with prejudice. (Doc. 15.)

### III. Conclusion

For the reasons discussed above, Plaintiffs' Complaint (Doc. 1) is dismissed with prejudice in its entirety and Plaintiffs' motions to proceed *in forma pauperis* (Docs. 2, 8, and 11) are granted solely for the purpose of filing the action. An appropriate Order is filed simultaneously with this Memorandum.

                             /s/ Richard P. Conaboy
                         RICHARD P. CONABOY
                         United States District Judge

DATED: 1-22-13

---

performance of his official duties in prosecuting Plaintiffs. (Doc. 15 at 14-16.) Because this immunity extends to actions performed in a quasi-judicial role, *see, e.g., Light v. Haws*, 472 F.3d 74, 77-78 (3d Cir. 2007), the question arises whether Defendant Bellavia is entitled to immunity regarding Plaintiffs' allegation that he was involved in Plaintiff Melissa Bucano's maximum security placement. (Doc. 1 at 2.) We need not answer that question here because the issue of Plaintiff Melissa Bucano's placement at MCCF was raised and is under consideration in Civil Action Number 3:12-CV-606. A Report and Recommendation is pending in that case. (3:12-CV-606 Doc. 40.) Deputy Attorney General Bellavia's alleged involvement in Plaintiff Melissa Bucano's placement will be addressed when the Court reviews that Report and Recommendation.

5